■ HOLMES PROTECTION OF NEW YORK, INC., Formerly Known as HOLMES PROTECTION, INC., Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant.— Order and judgment (one paper) of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about October 26, 1988, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and it is declared that defendant National Union Fire Insurance Company is not required to defend plaintiff in the subject Illinois action.

Plaintiff Holmes Protection of New York, Inc. (Holmes) commenced this declaratory judgment action seeking to establish that defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National), is obliged to defend it in an action brought in Illinois against its subsidiary Holmes Protection of Illinois, Inc. (Holmes of Illinois). The Illinois action alleges that substantial damage to the Byer Museum in Evanston, Illinois, was sustained as a result of negligence in the installation of a fire and smoke detection system by Holmes of Illinois between April and October 1982. The fire which occasioned the loss occurred on December 31, 1984. The policy under which National insured Holmes was in effect from December 5, 1981 to December 5, 1982.

The policy covers, *inter alia,* sums which plaintiff, "by reason of contractual liability assumed by him under any written contract", becomes legally obligated to pay as the result of property damage or bodily injury caused by an occurrence. "Occurrence" is defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended [by] the Insured". Property damage is defined as "(1)

physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period".

As the Supreme Court correctly concluded, "The second definition is not applicable here", substantial damage having occurred to the Byer Museum or its contents. However, the court nevertheless seized upon an endorsement to the policy dated December 5, 1981 which substituted the words "loss of tangible property" for the words "loss of use of tangible property", finding that it "creates an ambiguity in the policy. The standard policy definition of property damage read in conjunction with the endorsement could be interpreted as extending coverage to loss of property occurring 'at any time'."

We do not agree. Having decided that the amended provision has no application to the dispute, any ambiguity which might arise concerning its interpretation is simply immaterial. Nor do we agree that the amendment creates an ambiguity. The provision, as modified by the endorsement, defines "property damage" as "(2) loss of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period". It is clear that this provision is inapposite because, as the court stated, "Plaintiff in the Illinois Action is seeking to recover for 'substantial damage to the Byer Museum Building and its contents.' " Therefore, this matter is governed by the first part of the property damage definition which requires that the injury to or destruction of the property occur "during the policy period". Concur—Carro, J. P., Milonas, Kassal, Rosenberger and Rubin, JJ.